# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Sachell

Plaintiff(s),

v.

Chicago Transit Authority

Defendant(s).

Case No.  14 c 6639

Judge Virginia M. Kendall

## ORDER

The Plantiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 4) is denied. The Plaintiff's Motion for Attorney Representation (Dkt. 5) is dismissed as moot. This case is hereby dismissed.

## STATEMENT

On August 27, 2014, Plaintiff Patrick Dawkins Sachell filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons stated below, Sachell's Motion to Proceed *In Forma Pauperis* is denied. Sachell's Motion for Attorney Representation is dismissed as moot.

Sachell's Complaint alleges that Defendant Chicago Transit Authority (the "CTA"), Sachell's former employer, discriminated against him based on his age, color, and race, in violation of both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Sachell alleges that the CTA discriminated against him based on his age, color, and race when it terminated his senior management employment and hired White applicants with little or no experience instead. (Compl., Dkt. 1, ¶ 13).

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize Sachell to proceed *in forma pauperis* is he is unable to pay the mandated court fees. Sachell need not be penniless to proceed *in forma pauperis* under § 1915(a)(1); instead, he is eligible to proceed if payment of the filing fee will prevent him from providing for life's necessities. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). According to his financial affidavit, Sachell is not currently employed. His most recent employment, which was with the CTA, ended in February of 2013. Sachell earned $3,300 per month at that employment and is not currently receiving unemployment benefits. Sachell is unmarried, does not own any real estate or any personal belongings worth more than $1,000, and does not have more than $200 cash or any bank account. While Sachell has received $24,000 in the past twelve months for his role as a foster parent, he currently lives with three individuals dependent on him for support. Based on these facts, Sachell's financial affidavit sets forth his inability to pay the mandated court fees. This Court, however, must look beyond Sachell's financial status. Under § 1915, this Court must review Sachell's Complaint and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or

if Sachell seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

A plaintiff may file a lawsuit under Title VII or the ADEA only after first filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-(e)(1); 29 U.S.C. § 626(d)(1)(B); *see also Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011); *Casteel v. Exec. Bd. of Local 703 of the Int'l Bhd. of Teamsters*, 272 F.3d 463, 466 (7th Cir. 2001). Sachell alleges that he was unlawfully terminated by the CTA on February 20, 2013. Although he failed to attach his EEOC charge[1], Sachell alleges in his Complaint that he filed his charge on February 21, 2013, well within the 300-day window. Accepting his allegations as true at this point, Sachell timely filed his discrimination charge with the EEOC.

Title VII and the ADEA also require plaintiffs to obtain a right-to-sue letter from the EEOC before filing a federal lawsuit. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Although Sachell left the right-to-sue section of his form Complaint blank, and instead alleged that he received a Final Agency Decision on May 27, 2014, this Court construes his Complaint liberally and presumes that he received notice of his right-to-sue from the EEOC on this same date. This interpretation is bolstered by both Sachell's allegation that he filed a charge with the EEOC and the fact that the CTA is not a federal government agency. Once Sachell received his right-to-sue letter from the EEOC, he had ninety days to file his lawsuit in federal court. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *see Smith v. EMB, Inc.*, No. 14-2148, 2014 WL 4802700, at *2 (7th Cir. Sept. 29, 2014). This rule is generally inflexible and not subject to equitable tolling unless the plaintiff has made a "good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 849-50 (7th Cir. 2001) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

Here, Sachell filed his lawsuit in federal court on August 27, 2014, which, according to his Complaint, is 92 days after he received his right-to-sue letter from the EEOC. This Court must adhere strictly to the ninety-day rule and dismiss Sachell's Complaint. *See, e.g., Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984) (finding plaintiff's employment discrimination complaint, filed 91 days after receipt of Notice of Right to Sue, untimely); *McGill v. MacNeal Vansguard Health Sys.*, No. 12 C 9558, 2012 WL 6727351, at *2 (N.D. Ill. Dec. 28, 2012); *Sutton v. Donahoe,* No. 11 C 5912, 2012 WL 2863559, at *4–5 (N.D. Ill. July 11, 2012); *MacGregor v. Depaul Univ.,* No. 10 C 107, 2010 WL 4167965, at *3 (N.D. Ill. Oct.13, 2010); *Kyles v. Staff Mgmt., Inc.,* No. 01 C 8697, 2002 WL 31121096, at *2 (N.D. Ill. Sept.25, 2002) (dismissing pro se plaintiff's Title VII complaint because it was filed 91 days after plaintiff received notice of right to sue where plaintiff miscalculated the ninety-day period); *Wilson v. Doctors Hosp. of Hyde Park,* 909 F.Supp. 580, 581 (N.D.Ill.1996) (same); *see also Harris v. The Picture People,,* No. 3 C 3032, 2004 WL 1898784, at *5 (N.D. Ill. Aug. 20, 2004) ("Although the result—throwing Ms. Harris out of court because she filed her [ADA] complaint one day late—seems harsh, it is the result mandated by the law in this Circuit."); *Davis v. Browner,* 113 F.Supp.2d 1223, 1226 (N.D.Ill.2000) ("The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal.")

---

[1] In his Complaint filed August 27, 2014, Sachell stated that he would file copies of both his charge and right-to-sue letter within fourteen days. He failed to abide by this deadline.

Although Sachell sufficiently demonstrated his inability to pay the court mandated filing fees, his Motion to Proceed *In Forma Pauperis* is denied because he failed to file his employment discrimination Complaint by the deadline mandated by both Title VII and the ADEA. Sachell's Motion for Attorney Representation is accordingly dismissed as moot. This case is dismissed.


Date:  October 15, 2014

_____
Virginia M. Kendall
United States District Judge